

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

C. MANN
r GENERAL

March 28, 1939

Mr. P. L. Marquess
County Auditor
Wharton County
Wharton, Texas

Dear Sir:

> Opinion No. 0-450
> Re: Disposition of fees - Tax
> Assessor-Collector.

Your request for an opinion upon the following questions:

> "1. Is the Tax Assessor-Collector or his deputies entitled to retain personally fees or compensation received from the public for the compilation of lists of auto registrations and other data, as poll lists, taken from County records; when such lists are compiled by deputies paid by the County, who make said compilations during working hours, using County materials and mechanical equipment?

> "2. Is the County Tax Assessor-Collector entitled to retain personally fees or compensation received in making certificates of taxes due on properties from those seeking information, or should there be a form prescribed by the County Auditor upon which these should be made and the Tax Assessor-Collector caused to return these fees to the Officers Salary Funds of the several counties."

has been received by this Department.

The last paragraph in Article 3891, Revised

Civil Statutes of Texas reads as follows:

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present law, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not be accountable for and not required to be reported as fees of office."

It is apparent that the fees or compensation mentioned by you in your two questions above stated are not the kind and character exempt from the provisions of Article 3891, Revised Civil Statutes of Texas.

You are respectfully advised that in answer to your questions it is the opinion of this Department that the fees and compensation mentioned in your questions should be paid into the Officers' Salary Fund of the county and should not be retained by the tax assessor-collector or his deputies. It is the further opinion of this Department that the tax assessor-collector should be caused to return to the Officers' Salary Fund any and all fees or compensation received by him to which he is not entitled to retain personally under Article 3891 of the Revised Civil Statutes of Texas.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AW

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL